UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

AMAL SHETIWY, LOUIS C.
YEOSTROS, PATRICIA R. DIFFLEY,
JOHANNA ARBELAEZ, NICHOLAS
DOUDALIS, NICOLE GAGNON,
SAFET KOLJENOVIC, MAGDI
ABDALLA, AHMED HASSAN,
EKATEREINE SKOTEDIS, VIELKA
VARGAS, ROSE VILLANEUVA, JOHN
MURPHY, PLAMEN PANKOFT,
SPIROS ARGYROS, and
others similarly situated,

      Plaintiffs,

    - against -

MIDLAND CREDIT MANAGEMENT,
a/k/a MIDLAND FUNDING LLC,
CALVARY PORTFOLIO SERVICE,
DEBTONE, LLC, CACH, LLC, ASSET
ACCEPTANCE, LLC, FIA CARD
SERVICES, N.A., PORTFOLIO
RECOVERY, CHASE BANK, N.A.,
AMERICAN EXPRESS COMPANY,
BANK OF AMERICA, N.A., CAPITAL
ONE FINANCIAL ADVISORS, LLC,
ASSOCIATED RECOVERY SYSTEMS,
CITIGROUP INC., CITIBANK, N.A.,
CAPITAL MANAGEMENT SERVICES,
GE CAPITAL CONSUMER LENDING,
INC., EQUABLE ASSENT FINANCIAL,
LLC, LVNV FUNDING, LLC and NCO
FINANCIAL SYSTEMS,

      Defendants.

------------------------------------------------------- X



**OPINION AND ORDER**
12 Civ. 7068 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.     INTRODUCTION**

      Plaintiffs in this putative class action allege that banks, credit card companies, and debt collectors obtained thousands of judgments against debtors through false affidavits, misleading evidence, and other improper litigation tactics.[1] They request injunctive, declaratory, and collateral relief based on: (i) the Racketeer Influenced and Corrupt Organizations Act ("RICO");[2] (ii) the Fifth and Fourteenth Amendments of the U.S. Constitution;[3] (iii) the Fair Debt Collection Practices Act ("FDCPA");[4] (i) unjust enrichment;[5] (ii) intentional infliction of emotional distress;[6] (vi) fraud;[7] (vii) Section 349 of the New York General

---

[1]  *See* First Amended Complaint ¶¶ 29–30.  Plaintiffs seek to represent "[a]ll persons in the United States who . . . were brought to Court and had their money taken (stolen) from them using illegal tactics—under the cover of so-called legality of process." *Id.* ¶ 81.

[2]  *See id.* ¶¶ 129–319.

[3]  *See id.* ¶¶ 320–325.

[4]  *See id.* ¶¶ 326–337.

[5]  *See id.* ¶¶ 338–340.

[6]  *See id.* ¶¶ 353–355.

[7]  *See id.* ¶¶ 356–361.

Business Law;[8] and (vii) Section 487 of the New York Judiciary Law.[9]

Defendants American Express Company, GE Capital Consumer Lending, Inc., Citigroup, Inc. and Citibank N.A. ("Moving Defendants"), move to compel arbitration pursuant to the Federal Arbitration Act ("FAA") and to stay all remaining proceedings against them pending the completion of that arbitration. For the reasons set forth below Moving Defendants' motion to compel arbitration and stay all further proceedings is granted.

## II. BACKGROUND

### A. Debt Collection

Plaintiffs allege that the defendant debt collection agencies, banks, and credit card companies conspired to collect debts though "fraudulently obtained judgments of default" in state courts around the country.[10] Specifically, plaintiffs allege that credit card companies and banks sold debt for pennies on the dollar that they had previously written off for tax purposes.[11] The debt collectors allegedly obtained judgments for default through fraudulent acts, including: (i) submitting

---

[8] *See id.* ¶¶ 364–371.

[9] *See id.* ¶¶ 372–377.

[10] *Id.* ¶ 104; *see also id.* ¶¶ 110–128.

[11] *Id.* ¶¶ 58–60.

affidavits containing statements of facts that were untrue or that were not based on the affiant's personal knowledge; (ii) failing to disclose how defendants calculated the amount of debt owed; (iii) proceeding without notifying plaintiffs that their debt had been assigned; (iv) suing on the full amount of debt even though the creditors had "already charged off a good portion of the debt for their tax advantage," and (v) amending "the terms of [their] contract[s] with . . . consumer[s] after the litigation [had] begun."[12]

Plaintiffs allege that the defendants' conduct is part of a larger pattern whereby debt collectors and creditors harass debtors and overwhelm the courts by filing thousands of frivolous debt collection suits.[13] The state courts and the Federal Trade Commission ("FTC") have on occasion identified and attempted to curtail many of the practices complained of in this suit.[14]

### B. The Arbitration Agreements

The Moving Defendants have each submitted affidavits swearing that the named plaintiffs and any individual that held credit accounts with the defendants agreed to the terms of the Arbitration Agreement contained in their

---

[12] *See id.* ¶¶ 82–83, 137.

[13] *See id.* ¶¶ 31–50.

[14] *See id.* ¶¶ 51–80.

respective Cardmember Agreements.[15] The Arbitration Agreements require, upon election by either of the parties, mandatory and binding arbitration – on an individual basis only – of any claim, dispute or controversy arising from or relating to plaintiffs' accounts or the Cardmember Agreements, including those based on contract, tort, fraud, statute, regulation, common law, and equity.[16]

---

[15] *See* 1/25/13 Declaration of Martha A. Koehler, Manager, Litigation Support for GE Capital Retail Bank ('Koehler Decl. I'); 1/25/13 Declaration of Craig Vielstich, Assistant Custodian of Records for American Express ('Vielstich Decl.'); 1/25/13 Declaration of Erica Klipper, Defense Counsel ('Klipper Decl.'); 3/29/13 Declaration of Martha A. Koehler, Manager, Litigation Manager for GE Capital Retail Bank ('Koehler Decl. II').

[16] *See* Citibank Card Agreement 9–16, Ex. 2 to the Klipper Decl., at 3–5; ("Either you or we may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us . . . Claims and remedies sought as part of a class action . . . are subject to arbitration on an individual (non-class, non-representative) basis."), American Express Business Capital Line Agreement 3–4, Ex. A to the Vielstich Decl., at 2-3 ("'Claim' means any claim, dispute or controversy between you and us arising from or relating to your Account, this Agreement, the Electronic Funds Transfer Services Agreement, and any other related or prior agreement that you may have had with us, or the relationships resulting from any above agreements . . . IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A CLAIM NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM. FURTHER, YOU AND WE WILL NOT HAVE THE RIGHT TO PARTICIPATE IN A REPRESENTATIVE CAPACITY OR AS A MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION."); GE Money Bank Credit Card Agreement 6–9, Ex. A to the Koehler Decl. I, at 3–4 ("ANY PAST, PRESENT OR FUTURE LEGAL DISPUTE OR CLAIM OF ANY KIND . . . THAT RELATES IN ANY WAY TO YOUR ACCOUNT, CARD OR YOUR RELATIONSHIP WITH US WILL BE RESOLVED BY BINDING ARBITRATION IF EITHER YOU OR WE ELECT TO ARBITRATE . . . IF A

The GE Moneybank Card Agreement,[17] the GE Money Bank Lord & Taylor Credit Card Agreement,[18] and the American Express Business Capital Line Agreement[19] each contain a Utah choice of law provision. The Citibank Card

---

CLAIM GOES TO ARBITRATION, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO . . . PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, EITHER AS A CLASS REPRESENTATIVE OR A CLASS MEMBER."); Important Notice Regarding Lord & Taylor Credit Card Account Terms GE Money Bank, 4, 12–14, Ex. B to the Koehler Decl. II, at 3, 7–8 ("ANY PAST, PRESENT OR FUTURE LEGAL DISPUTE OR CLAIM OF ANY KIND . . . THAT RELATES IN ANY WAY TO YOUR ACCOUNT, CARD OR YOUR RELATIONSHIP WITH US WILL BE RESOLVED BY BINDING ARBITRATION IF EITHER YOU, WE OR LORD & TAYLOR ELECT TO ARBITRATE . . . IF A CLAIM GOES TO ARBITRATION, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO . . . PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, EITHER AS A CLASS REPRESENTATIVE OR A CLASS MEMBER.").

[17] *See* GE Money Bank Credit Card Agreement 7, Ex. A to the Koehler Decl. I, at 3 ("These terms involve interstate commerce and this arbitration provision is governed by the [FAA]. Utah law shall apply to the extent state law is relevant . . .").

[18] *See* Important Notice to FDS Bank Cardholders Regarding Your Lord & Taylor Credit Card Account September 2007 2, Ex. A to the Koehler Decl. II, at 2 ("Your Account will be governed by and construed in accordance with federal law, and to the extent that state law applies, the laws of the State of Utah.").

[19] *See* American Express Business Capital Line Agreement 4, Ex. A to the Vielstich Decl., at 3 ("This Agreement and your Account, and all questions about their legality, enforceability and interpretation, are governed by the laws of the State of Utah (without regard to internal principles of conflicts of law), and by applicable federal law.").

Agreement contains a South Dakota choice of law provision.[20]

### III.   LEGAL STANDARD AND APPLICABLE LAW

On a motion to compel arbitration, "the court applies a standard similar to that applicable for a motion for summary judgment."[21]  "If undisputed facts in the record require[ ] the issue of arbitrability to be resolved against the [p]laintiff as a matter of law," then a district court must compel arbitration.[22]

These arbitration agreements are subject to the FAA.[23]  In determining arbitrability under the FAA the Second Circuit asks: "(1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement."[24]  The party resisting arbitration bears the burden of demonstrating that the arbitration agreement is invalid or does not encompass the claims at issue.[25]

---

[20]   *See* Citibank Card Agreement 13, Ex. 2 to the Klipper Decl., at 5 ("Federal law and the law of South Dakota, where we are located, governs the terms and enforcement of this Agreement.").

[21]   *Bensadoun v. Jobe–Riat*, 316 F.3d 171, 175 (2d Cir. 2003).

[22]   *Id.*

[23]   *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, — , 130 S. Ct. 1758, 1773 (2010).

[24]   *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 127–28 (2d Cir. 2011).

[25]   *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000).

Section 2 of the FAA provides that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[26] The enforceability of an arbitration clause is a matter for the courts to decide.[27]

## IV. DISCUSSION[28]

### A. The Arbitration Agreements Are Enforceable Under Governing State Law

The cardinal principle of the law of arbitration is that "under the [FAA, arbitration] is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit."[29] "That freedom extends to choice-of-law provisions governing agreements, including agreements to arbitrate."[30] Therefore, the parties' choice of law must govern. Utah or South

---

[26] 9 U.S.C. § 2.

[27] *See In re Am. Express Merchs.' Litig.*, 667 F.3d 204, 190 (2d Cir. 2012) ("*Amex III*").

[28] Plaintiffs do not contest that their claims, including their Constitutional and State law claims, are covered by the arbitration agreement. Therefore, the only issue to be decided is whether the arbitration agreements are enforceable.

[29] *Volt Info. Sci.'s, Inc. v. Board of Tr.'s of the Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989).

[30] *Gay v. CreditInform*, 511 F.3d 369, 389 (3d Cir. 2007) (citing numerous examples of federal courts enforcing choice of law provisions in arbitration agreements).

Dakota law governs the arbitration agreements at issue.[31]  The parties agree that the arbitration clauses are valid under both Utah[32] and South Dakota law.[33]

### B. The Class Action Waivers Do Not Render the Arbitration Agreements Unenforceable

---

[31] *See, e.g.*, *Archer Invs. S.a.r.l. v. Local 282 Welfare Trust Fund*, 462 Fed. App'x 122, 123 (2d Cir. 2012).  The Credit Card Companies are each located in either Utah or South Dakota.  American Express Business Capital Line Agreement 4, Ex. A to the Vielstich Decl., at 3 ("We are located in Utah, hold your Account in Utah, and entered into this agreement in Utah."); Citibank, N.A. (FDIC #: 7213) 1, Ex. 1 to the Klipper Decl., at 1 ("Headquarters: 701 East 60th Street North, Sioux Falls, SD 57104"); GE Money Bank Credit Card Agreement 8–9, Ex. A to the Koehler Decl., at 4 ("This Agreement is entered into between you and us in Utah
. . . GE Money Bank, 4246 South Riverboat Rd., Suite 200, Salt Lake City, UT 84123-2551.").

[32] *See, e.g.*, Addendum of Unreported Cases in Support of Motion To Compel Arbitration, Ex. C, *Stublaski v. American Express Centurion Bank*, No. 11-Civ.-1266 (D. Minn. Sept. 14, 2011) (granting American Express's motion to compel arbitration on an individual basis and finding plaintiff's unconscionability challenge barred by *Concepcion*); *Wynne v. American Express Co.*, No. 2:09-Civ.-00260, 2010 WL 3860362, at *7 (E.D. Tex. Sept. 30, 2010) (same); *Delp v. Am. Express Centurion Bank*, No. 08-Civ.-0069 (C.D. Cal. Mar. 4, 2008) (same).  *See also* Utah Code Ann. § 70C-4-105 ("[A] creditor may contract with the debtor of an open-end consumer credit contract for a waiver by the debtor of the right to initiate or participate in a class action related to the open-end consumer credit contract."); Utah Cod. Ann. § 70C-3-104 (same for close-end agreements).

[33] Moreover, New York regularly enforces similar choice-of-law provisions where one of the parties is located in the chosen state.  *See, e.g.*, *Orman v. Citigroup, Inc.*, No. 11-Civ.-7086, 2012 WL 4039850, at *3–4 (S.D.N.Y. Sept. 12, 2012) (enforcing Citibank's arbitration provision); *Dumanis v. Citibank (South Dakota), N.A.*, No. 07-Civ.-0607, 2007 WL 3253975, at *3 (W.D.N.Y. Nov. 2, 2007) (same).

Plaintiffs argue that the arbitration agreements are not enforceable with respect to their RICO and FDCPA claims because the costs associated with individual arbitration preclude vindication of the statutory rights provided by these statutes.[34]

Just last month the Supreme Court answered in the negative the question "whether the [FAA] permits courts to invalidate arbitration agreements on the ground that they do not permit class arbitration of a federal-law claim."[35] *First*, the Court reaffirmed that the FAA mandate that courts "rigorously enforce arbitration agreements according to their terms" extends to "claims that allege a violation of a federal statute, unless [the] mandate has been overridden by a contrary congressional command."[36] In the context of federal antitrust law, the Court rejected the notion that Congress' "willing[ness] to go, in certain respects, beyond the normal limits of law in advancing its [antitrust goals]" constituted the

---

[34] Plaintiffs contend that legal representation, expert testimony, and discovery for RICO and FDCPA claims is extremely expensive and, because many plaintiffs only seek modest damages, compelling individual arbitration would impermissibly interfere with the statutory scheme Congress created by passing RICO and the FDCPA.

[35] *American Express Co. v. Italian Colors Restaurant*, 570 U.S. — , 133 S. Ct. 2304, 2308 (2013) (quotations and alterations omitted).

[36] *Id.* at 2309 (internal quotations omitted).

necessary contrary congressional command to override the FAA's mandate.[37]

*Second*, the Court rejected a "judge-made ['effective vindication'] exception to the FAA" as a basis for invalidating class action waivers. The majority distinguished between arbitration provisions that constitute a "'prospective waiver of a party's *right to pursue* statutory remedies,'"[38] which might fall within the exception, and barriers to "*proving* a statutory remedy," which do not.[39] It held that class action waivers were, at most, the latter.

Even if plaintiffs could meet their burden of showing that costs associated with individual arbitration would preclude vindicating their statutory rights under RICO and the FDCPA, a matter very much in doubt,[40] the Supreme

---

[37] *Id.* (holding that this willingness did not authorize "whatever departures from those normal limits advance antitrust goals").

[38] *Id.* at 2310 (emphasis in original) (quoting *Mitsubishi Motors Corp. v. Soler-Chrysler-Plymouth, Inc.*, 473 U. S. 614, 637 n. 19 (1985)). The majority cited as examples of barriers to *pursuing* a statutory remedy "a provision in an arbitration agreement forbidding the assertion of certain statutory rights," and possibly "filing and administrative fees attached to arbitration that are so high as to make access to the forum impracticable." *Id.*

[39] *Id.* at 2311 (emphasis in original). *Accord id.* (holding that "the individual suit that was considered adequate to assure 'effective vindication' of a federal right before adoption of class-action procedures did not suddenly become 'ineffective vindication' upon their adoption").

[40] Plaintiffs have not quantified the cost of individual arbitration nor have they shown that the cost would preclude an individual from seeking damages. See *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1753 (2011) (noting that

Court has made clear that a generalized congressional intent to vindicate statutory rights cannot override the FAA's mandate that courts enforce arbitration clauses, including those with class action waivers, as written. Nothing in the text of RICO or the FDCPA indicate a more explicit "contrary congressional command" than that contained in the federal antitrust laws at issue in *Italian Colors*.[41] To the contrary, as a general matter, the Supreme Court has held that, as compared to federal antitrust law, RICO evinced a weaker congressional intent to advance, at all costs, the goals of the statute.[42] Like the Sherman and Clayton Acts, nothing in RICO or

---

small-dollar claims alone are not enough to displace the FAA). Here, the named plaintiffs' claims are not even particularly small. *See, e.g.*, Reply Memorandum of Law in Further Support of Defendants' Motion to Compel Arbitration and to Stay the Action, at 3 ("[Defendant] John Murphy claims well in excess of $1400, asserting an improper judgment of $31,900 was entered against him, which under RICO is subject to trebling . . . approximately $100,000 in damages."). *See also Khanna v. American Express Co.*, No. 11 Civ. 6245, 2011 WL 6382603, at *4 (S.D.N.Y. Dec. 14, 2011) (compelling arbitration of RICO claims against American Express notwithstanding a class action waiver); *Elinich v. Discover Bank*, No. 12 Civ. 1227, 2013 WL 342682, at *1 (E.D. Pa. Jan. 29, 2013) (FDCPA claim).

[41] *See Italian Colors*, 570 U.S. — , 133 S. Ct. at 2309.

[42] *See Shearson/Am. Express v. McMahon*, 482 U.S. 220, 242 (1987) ("The private attorney general role for the typical RICO plaintiff is simply less plausible than it is for the typical antitrust plaintiff, and does not support a finding that there is an irreconcilable conflict between arbitration and enforcement of the RICO statute."). Although *Shearson* did not involve a class action waiver, the comparison with antitrust law is still instructive in terms of congressional intent and arbitrability generally.

FDCPA indicates a clear congressional intent to promote class recovery.[43] In fact, the FDCPA explicitly limits recovery obtained by unnamed class members in a class action, without regard to how that will affect total recovery for each individual.[44] Thus, the arbitration agreements at issue are enforceable and this action must be stayed pending arbitration.[45]

## V. CONCLUSION

For the reasons set forth above, American Express, GE Capital, Citigroup, and Citibank's motion to compel arbitration on an individual basis and to stay the action as against them pending completion of the arbitration proceeding is granted. The Clerk of the Court is directed to close this motion (Docket No. 75) and stay this case as to Moving Defendants. A conference on this matter is

---

[43] *See Italian Colors*, 570 U.S. — , 133 S. Ct. at 2309 (finding relevant that "[t]he Sherman and Clayton Acts make no mention of class actions").

[44] *See* 15 U.S.C. § 1692k (restricting recovery "in the case of a class action [to] (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector"). This is not, of course, the same as requiring individual arbitration of claims, but it is relevant as it indicates that Congress did not intend to promote class actions.

[45] *See* 9 U.S.C. § 3 (where a valid arbitration agreement requires a dispute to be submitted to binding arbitration, the district court shall stay the action "until such arbitration has been had in accordance with the terms of the agreement"). *Accord Cendant Corp. v. Forbes*, 72 F. Supp. 2d 341, 342 (S.D.N.Y. 1999) (a stay is "mandatory if an issue in the case is referable to arbitration").

scheduled for July 30, 2013 at 4:30 PM.

SO ORDERED:

/s/ Shira A. Scheindlin

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          July 12, 2013

**Appearances:**

**For Plaintiffs:**

George E. Bassias, Esq.
21-83 Steinway Street
Astoria, NY 11105
(718) 721-4441

Phillip Jaffe, Esq.
370 East 76th Street
Suite C-1002
New York, NY 10021
(212) 734-3535

**For Defendant Midland Credit Management also known as Midland Funding LLC:**

Casey Devin Laffey, Esq.
Reed Smith
599 Lexington Avenue
New York, NY 10022
(212) 549-0389

**For Defendants Calvary Portfolio Service and Equable Asset Financial, LLC:**

Donald S. Maurice , Jr., Esq.
Rachel Marin, Esq.
Thomas Robert Dominczyk, Esq.
Maurice & Needleman, P.C.
5 Walter E. Foran Blvd.
Suite 2007
Flemington, NJ 08822
(908) 237-4550

**For Defendant DebtOne, LLC:**

William Raley Alford, Esq.

Stanley, Reuter, Ross, Thornton & Alford
909 Poydras Street, Suite 2500
New Orleans, LA 70112
(504) 523-1580

**For Defendant Cach, LLC:**

Jonathan Justin Greystone, Esq.
Spector Gadon & Rosen, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241 8927

Kevin Evont Bowens, Esq.
Manuel H. Newburger, Esq.
Barron, Newburger, Sinsley & Wier, PLLC
1212 Guadalupe
Austin, TX 78701
(866) 476-9103

**For Defendants NCO Financial Systems and Capital Management Services:**

Aaron R. Easley, Esq.
Sessions, Fishman, & Nathan, LLP
3850 N. Causeway Boulevard, Suite 200
Metairie, LA 70002
(908) 751-5940

Kevin Barry McHugh, Esq.
Law Offices of Edward Barfinkel
12 MetroTech Center, 28th Floor
Brooklyn, NY 11201
(718) 250-1100

**For Defendant LVNV Funding, LLC:**

Concepcion A. Montoya, Esq.
Hinshaw & Culbertson LLP

780 Third Avenue
New York, NY 10017
(212) 471-6228

**For Defendant Asset Acceptance, LLC:**

Jill M. Wheaton, Esq.
Dykema Gossett, P.L.L.C.
2723 S. State St., Suite 400
Ann Arbor, MI 48104
(734) 214-7629

Jonathan M. Albano, Esq.
S. Elaine McChesney, Esq.
Bingham McCutchen LLP
One Federal Street
Boston, MA 02110
(617) 951-8360

**For Defendants FIA Card Services, N.A. and Bank of America, N.A.:**

Gillian Ivy Biron, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022
(212) 705-7000

Jonathan M. Albano, Esq.
S. Elaine McChesney, Esq.
Bingham McCutchen LLP
One Federal Street
Boston, MA 02110
(617) 951-8360

**For Defendant Portfolio Recovery:**

Christopher William Madel, Esq.
Jennifer M. Robbins, Esq.

Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza, 800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8703

Oren Dov Langer, Esq.
Robins, Kaplan, Miller & Ciresi, LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
(212) 935-4725

**For Defendant Chase Bank, N.A.:**

Andrew Arthur Ruffino, Esq.
Covington & Burling LLP
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000

Robert D. Wick, Esq.
Covington & Burling, L.L.P.
1201 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 662-5487

**For Defendant American Express Company:**

Carmine D. Boccuzzi , Jr., Esq.
Mitchell A. Lowenthal, Esq.
Lauren Kathryn Handelsman, Esq.
Cleary Gottlieb Steen & Hamilton, LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000

**For Defendants Capital One Financial Advisors, LLC and Capital One Financial Corporation:**

David John Fioccola, Esq.
Jessica Kaufman, Esq.
Mark Paul Ladner, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 336-4069

**For Defendant Associated Recovery Systems:**

John E. Brigandi, Esq.
Salvo Law Firm
165 Passaic Ave
Fairfield, NJ 07004
(201) 906-6876

**For Defendants CitiGroup Inc., Citibank, N.A.:**

Stephen Craig Robinson, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
42nd Floor
New York, NY 10036
(212) 735-2800

**For Defendant GE Capital Consumer Lending, Inc.:**

Michael D. Hynes, Esq.
Sarah B. Zimmer, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4500