UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

AMAL SHETIWY, LOUIS C. YEOSTROS,
JOHN MURPHY, PLAMEN PANKOFF,
SPIROS ARGYROS, NICOLE GAGNON,
VIELKA VARGAS, ROSE VILLANEUVA,
and others similarly situated,

        **Plaintiffs,**

        - against -

MIDLAND CREDIT MANAGEMENT, a/k/a
MIDLAND FUNDING LLC, CALVARY SPV
LLC, CACH, LLC, LVNV FUNDING, LLC,
FIA CARD SERVICES, N.A., PORTFOLIO
RECOVERY ASSOCIATES LLC,
ASSOCIATED RECOVERY SYSTEMS,
EQUABLE ASSENT FINANCIAL, LLC,
CHASE BANK, N.A., and BANK OF
AMERICA, N.A.,

        **Defendants.**

------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/14

**OPINION AND ORDER**

**12-cv-7068 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.    INTRODUCTION**

      On September 19, 2012, plaintiffs commenced the above-captioned

action by filing a Complaint against multiple defendants. The Complaint alleged

that these defendants obtained tens of thousands of state court debt collection

judgments against plaintiffs using false affidavits, misleading evidence, and other

improper litigation tactics.  The defendants consisted of two groups: creditors or their affiliates ("Creditor Defendants");[1] and businesses that collect or buy debts ("Debt Buyer Defendants").[2]  On March 26, 2014, I granted defendants' motion to dismiss plaintiffs' Second Amended Complaint ("SAC") with prejudice and struck the class allegations.  At that time, I noted plaintiffs' lack of factual support for each of their allegations.

Defendant CACH, LLC ("CACH") now moves to impose sanctions against plaintiffs' attorneys, Mr. Phillip Jaffe and Mr. George Bassias, pursuant to Rule 11 of the Federal Rules of Civil Procedure.  CACH contends that the plaintiffs' attorneys violated Rule 11 by filing papers that were objectively unreasonable and asserting factual and legal positions they knew to be without merit.  Specifically, CACH seeks: (1) a finding by the Court that plaintiffs' attorneys violated Rule 11; (2) attorney's fees and costs; and (3) any other such measures as this Court deems appropriate.  Because plaintiffs' attorneys have never

---

[1]      Creditor Defendants include: (1) Bank of America, N.A., (2) FIA Card Services, N.A., and (3) Chase Bank, N.A.  *See* Memorandum of Law in Support of Defendants' Motion to Dismiss the Second Amended Complaint and Strike Class Allegations at 1 n.1.

[2]      Debt Buyer Defendants include: (1) Associated Recovery Systems, (2) CACH LLC, (3) Calvary Portfolio Service LLC, (4) Equable Ascent Financial LLC, (5) LVNV Funding LLC, (6) Midland Credit Management, and (7) Portfolio Recovery Associates LLC. *See id.*

previously been reprimanded or sanctioned I decline to impose monetary sanctions in the exercise of my discretion. I also conclude that non-monetary sanctions will be sufficient to deter the attorneys' undesirable conduct. Thus CACH's motion for monetary sanctions pursuant to Rule 11(c) is denied. However, because plaintiffs' attorneys made objectively unreasonable representations in pleadings submitted to this Court and alleged facts without making a sufficient or appropriate investigation as to the truth of such statements, I do find that they violated Rule 11.

## II.   BACKGROUND

### A.   Procedural History

On December 6, 2012, fifteen Plaintiffs filed the First Amended Complaint ("FAC") against twenty defendants—nine Creditor Defendants and eleven Debt Buyer Defendants.[3]  On July 12, 2013, I granted a motion by four Creditor Defendants to compel arbitration and stay all remaining proceedings against them pending the completion of that arbitration.[4]  On September 20, 2013, I granted the remaining defendants' motion to dismiss the FAC because plaintiffs

---

[3]      *See Shetiwy v. Midland Credit Mgmt.*, No. 12 Civ. 7068, 2014 WL 1257235, at *1 (S.D.N.Y. Mar. 26, 2014).

[4]      *See Shetiwy v. Midland Credit Mgmt.*, 959 F. Supp. 2d 469 (S.D.N.Y. 2013). Four of the Creditor Defendants — American Express Company, GE Capital Consumer Lending, Inc., Citigroup, Inc., and Citibank, N.A. — were not named in the SAC.

3

failed to state a plausible federal claim.[5]  I granted leave to amend except with

regard to plaintiffs' legally invalid (1) federal due process claims, (2) FDCPA

claims against Creditor Defendants, and (3) attempts to challenge and vacate state

court judgments.[6]

### B.   The Second Amended Complaint[7]

On October 18, 2013, eight of the original plaintiffs filed the SAC,

asserting putative class action claims against three Creditor Defendants and seven

Debt Buyer Defendants.  Although plaintiffs abandoned several of their legally

invalid claims, the bulk of the SAC remained identical to the FAC.

As with the FAC, the factual allegations and legal arguments in the

SAC were difficult to discern and the factual allegations were drawn mainly from

newspaper articles—often without citation—and from decisions in unrelated

cases.[8]  Plaintiffs continued to allege that defendants engaged in fraudulent acts

---

[5]     *See Shetiwy v. Midland Credit Mgmt.*, 980 F. Supp. 2d 461, 476
(S.D.N.Y. 2013).  I then declined to exercise supplemental jurisdiction over
plaintiffs' state law claims. *See id.*

[6]     *See id.*

[7]     Many of the allegations in the SAC were not presumed true because
they were conclusory statements or threadbare recitals of causes of action. *See
Bigio v. Coca-Cola Co.*, 675 F.3d 163, 173 (2d Cir. 2012).

[8]     *See, e.g.*, SAC ¶¶ 15-16 (citing unrelated New York City Civil Court
cases), p. 18 n.5 ("Part of the [SAC] is taken from New York Times articles

during state court debt collection proceedings.[9]  The facts supporting plaintiffs'

claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO")

and state law claims remained largely unchanged.  Moreover, despite my prior

ruling, plaintiffs continued to ask the Court to vacate prior state court judgments

against them.[10]

Finally, plaintiffs still sought to certify a class consisting of "[a]ll

persons in the United States who . . . were brought to Court and had their money

taken (stolen) from them using illegal tactics — under the cover of so-called

legality of process."[11]  The so-called "illegal tactics" were acts allegedly intended

"to overburden the Courts so that judges . . . found themselves impossible to stop

the onslaught of hundreds of improper complaints and default[s] that [arrived] into

every court in the country."[12]

On March 26, 2014, I dismissed all of plaintiffs' federal claims with

_____

describing how Debt Collection Firms hire Debt Collection attorneys to sue
consumers . . . ."), pp. 63-65, 79-83, 96-104.

[9]      *See id.* ¶¶ 131, 180, 186, 190.

[10]     *See id.* at p. 59 (pleading "Equitable Relief" as a cause of action and
asking the Court to "restore the money that was taken illegally from Plaintiffs" by
state court judgments).

[11]     *Id.* ¶ 108.

[12]     *Id.* ¶ 109.

prejudice and declined to exercise supplemental jurisdiction over plaintiffs' state law claims.

### C.   Rule 11 Motion

CACH—one of the Debt Buyer defendants and the sole moving defendant—now moves for sanctions against plaintiffs' attorneys.  Following a premotion conference regarding the Rule 11 motion on April 16, 2014, CACH gave plaintiffs' attorneys an opportunity to provide a factual basis for the assertions made in the FAC and the SAC.  After failing to receive a response, CACH's attorney sent plaintiffs' attorneys a letter dated April 22, 2014, which included seventy-seven questions.  The questions were intended to afford respondents an opportunity to demonstrate compliance with Rule 11 by providing the factual basis for their allegations.  CACH agreed that if a factual basis were provided, it would drop the Rule 11 motion.  CACH argues that the answers plaintiffs' attorneys provided demonstrate that sanctions under Rule 11 are appropriate.

## III.   LEGAL STANDARD

Under Rule 11 "[s]anctions may be—but need not be—imposed when court filings are used for an 'improper purpose,' or when claims are not supported

by existing law, lack evidentiary support, or are otherwise frivolous."[13] The

Supreme Court has cautioned that Rule 11 "must be read in light of concerns that it

will . . . chill vigorous advocacy."[14] Thus, courts must "resolve all doubts in favor

of" the party against whom sanctions are sought.[15] "Sanctions should be imposed

only 'where it is patently clear that a claim has absolutely no chance of success.'"[16]

The general standard for finding a violation of Rule 11 is one of objective

unreasonableness; courts need not make a finding of subjective bad faith.[17]

District courts have "'significant discretion in determining what

sanctions, if any, should be imposed for a violation, subject to the principle that the

sanctions should not be more severe than reasonably necessary to deter repetition

by the offending person or comparable conduct by similarly situated persons.'"[18]

---

[13]     *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63
(2d Cir. 2012) (citing Fed. R. Civ. P. 11(b)-(c)).

[14]     *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

[15]     *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993).

[16]     *Abdelhamid v. Altria Grp., Inc.*, 515 F. Supp. 2d 384, 392 (S.D.N.Y.
2007) (quoting *Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc.*, 28
F.3d 259, 264 (2d Cir. 1994)).

[17]     *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150–51
(2d Cir. 2009); *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003).

[18]     *Abdelhamid*, 515 F. Supp. 2d at 392 (quoting Rule 11 Advisory
Committee Note).

A reprimand is an appropriate sanction where there has been no showing of bad faith, and where the parties are sufficiently concerned with their professional reputation that a public reprimand will have the intended effect of deterring future wrongdoing.[19]

## IV.   DISCUSSION

CACH argues that plaintiffs violated Rule 11 in their original complaint as well as in both the FAC and SAC ("the Complaints") on the basis that: (1) allegations in each of the Complaints violated Rule 11; (2) plaintiffs have a pattern of filing meritless complaints in the Eastern and Southern Districts of New York; and (3) plaintiffs falsely claimed to be competent and experienced counsel when the opposite is true.  CACH focuses much of its argument on the FAC because it resulted in the largest expenditure of fees by CACH.

### A.   Violation of Rule 11

CACH argues that plaintiffs' attorneys violated Rule 11 numerous times and point to the specific, allegedly false allegations plaintiffs made in the FAC.  CACH asserts the following claims made by plaintiffs' attorneys were false and not grounded in any facts: (1) CACH is guilty of robo-signing; (2) CACH attempted to collect money for various banks; (3) CACH, as a debt collector,

---

[19]    *See Corporate Printing Co., Inc. v. New York Typographical Union No. 6*, 886 F. Supp. 340, 348 (S.D.N.Y. 1995).

entered into a criminal conspiracy; (4) CACH is guilty of due process violations;
(5) CACH illegally purchased charged-off debt at a discount, which constituted
actionable fraud under RICO; (6) CACH used signature cards; and (7) CACH
"literally steals money."[20]   CACH contends that these false statements are
essentially the equivalent of defamation.   Because allegations made in pleadings
are privileged in the context of claims for defamation, CACH asserts that Rule 11
sanctions are its sole recourse for the baseless claims plaintiffs made in the
Complaints.[21]

Plaintiffs' attorneys' responses to CACH's April 22, 2014 letter show
that they had little or no basis for each of the allegations in the FAC.   For example,
when asked "What are the facts on which you based your accusation that any of the
defendants 'literally steals money'?" plaintiffs' attorneys responded: "It is a
statement/expression which basically expresses that defendants in many cases take
money that they are not entitled to, because they obtain judgments without
establishing standing based upon the proper documents."[22]   Further, when asked,

---

[20]     Memorandum of Law in Support of the Motion of Defendant CACH,
LLC for Sanctions Pursuant to Fed. R. Civ. P. 11 ("Def. Mem."), at 10-18.

[21]     *See* Reply in Support of the Motion of Defendant CACH, LLC for
Sanctions Pursuant to Fed. R. Civ. P. 11 at 8.

[22]     Comparison of CACH's Questions and Respondents' Answers
("Q&A"), Ex. C to Def. Mem. at 3.

"Can you identify even a single instance in which CACH filed a suit on behalf of Bank of America," plaintiffs' attorneys responded: "[On behalf of] merely means that the lawsuit was 'for' a prior Bank of America account.  It is not meant to imply that each [defendant] was a collection agent for Bank of America."[23] Plaintiffs' responses demonstrate their loose use of language and their failure to ensure a factual basis for each of their allegations.

Again, it is uncontested that allegations in the Complaints may not be considered defamation because pleadings are privileged.[24]  I note that although many of the claims made against CACH appear to be baseless, including the allegations of robo-signing and attempting to collect money for various banks, those allegations may not have been baseless as against all defendants.  However, while CACH's individual practices may have been uncovered during discovery, plaintiffs' attorneys failed to ensure there was an adequate basis for these claims at the outset.

Although I recognize the vexatious nature of the claims made by plaintiffs' attorneys, a non-monetary sanction should be sufficient to deter them

---

[23]     *Id.* at 5.

[24]     *See Kelly v. Albarino*, 485 F.3d 664, 665-66 (2d Cir. 2007) (dismissing complaint alleging libel "as barred by the absolute privilege that applies to statements made by participants in judicial proceedings").

from doing so again.[25]  Plaintiffs' attorneys represented their clients pro bono in an attempt to challenge creditors' procedures in bringing actions against consumers whose credit card balances were charged off.  There is no evidence of bad faith.[26]  I do not wish to chill the attorneys' zealous advocacy, but rather ensure they do not abuse the judicial system by filing claims that are at best misleading and at worst untrue.

## B.   Pattern of Meritless Complaints

CACH asserts that plaintiffs' attorneys "have a history of trying to use the federal courts to further their personal or political causes by filing putative class actions that ultimately go nowhere, but cause tremendous expense to the defendants in those cases."[27]  The damage done when the attorneys bring these frivolous suits goes beyond the mere financial implications, CACH argues, because

---

[25]     *See Perez v. Posse Comitatus*, 373 F.3d 321, 325–26 (2d Cir. 2004) ("Even if the district court concludes that the assertion of a given claim violates Rule 11 . . . the decision whether or not to impose sanctions is a matter for the court's discretion."); *Milani v. International Bus. Mach. Corp., Inc.,* No. 02 Civ. 3346, 2004 WL 3068451, at *2 (S.D.N.Y. Dec. 30, 2004) ("[a] finding that someone has engaged in sanctionable conduct . . . itself carries a sting").

[26]     *See, e.g., Abdelhamid,* 515 F. Supp. 2d at 400 (declining to impose monetary sanctions because, *inter alia,* there was "no evidence of bad faith or intent to harass or injure").

[27]     Def. Mem. at 22.

the false allegations also tarnish the businesses' reputation.[28]  CACH cites as

evidence of the attorneys' propensity to file frivolous, meritless cases a slew of

cases which were dismissed for reasons including: failure to state a claim upon

which relief can be granted,[29] lack of subject matter jurisdiction pursuant to the

Rooker-Feldman Doctrine,[30] stipulation,[31] and summary judgment.[32]  While

plaintiffs' attorneys have a clear track record of losing cases, this is an insufficient

reason to impose sanctions.

Further, although the attorneys have a history of filing arguably

meritless suits, there is no evidence that they have ever previously received a

sanction.  Because the goal of Rule 11 is deterrence, and no other court has yet

sought to deter the attorneys' activity, a monetary sanction is not warranted here.

However, based on the attorneys' proclivity to file meritless suits, I suggest they

carefully consider the financial and non-financial consequences of these suits prior

to filing similar ones in the future.

---

[28]     *See id.*

[29]     *See* Motion of Defendant CACH, LLC for Sanctions Pursuant to Fed.
R. Civ. P. 11 at 3 n.2, 4 n.7.

[30]     *See id.* at 3 n.3.

[31]     *See id.* at 3 n.5.

[32]     *See id.* at 4 n. 6.

12

## C.    The Claim of Adequacy in Class Representation

CACH asserts that the plaintiffs' attorneys' allegations of competence and experience in class actions violate Rule 11.  When the attorneys answered CACH's intra-counsel letter inquiring about their class action experience, they responded: "This motion to certify was not before the Court.  The issues raised by the complaint are the legality of the lawsuit process by debt buyers, not the adequacy of counsel for the class.  Your questions are meant to insult counsel and argue an issue that is not yet before the court."[33]  While this response is literally true, plaintiffs' attorneys' claim that they are experienced and adequate counsel is false.[34]  Plaintiffs have failed to provide any case in which either counsel was certified as class counsel or recovered monetary relief for a class member.

CACH cites *Lopez v. Wolpoff & Abramson, LLP* as evidence of a case in which substantial sanctions were awarded against a plaintiff's attorney for, *inter alia*, claims of adequacy as class counsel despite having repeatedly failed to obtain certification on behalf of any class.[35]  Notwithstanding that the case is not binding on this Court, the facts are distinguishable.  In *Lopez*, the plaintiff's attorney failed

---

[33]    Q&A at 11.

[34]    *See* SAC ¶¶ 113, 134.

[35]    *See Lopez v. Wolpoff & Abramson, LLP*, 2008 U.S. Dist. LEXIS 104320, at *8 (W.D. Tex. Dec. 19, 2008).

to notify the class representative that an action had been filed in her name, was "unabashedly ignorant of the law relevant to [the] case," and filed a motion for summary judgment after he had filed his motion for class certification.[36]  The plaintiff's attorney in *Lopez* had filed thirty-nine class actions previously but "never won any form of relief for any member of one of those classes."[37]  CACH cites only eight examples in which plaintiffs' attorneys previously brought putative class actions.[38]  Moreover, the attorney in *Lopez* was previously sanctioned by a judge after repeated warnings based on the attorney's handling of a prior class action case.[39]  Plaintiffs' attorneys have never received such a warning or sanction as a result of their previous attempts to bring class suits.

While plaintiffs' attorneys' claim that they are adequate and experienced class counsel has no basis in fact, it does not rise to the level of action that warrants monetary sanctions.  Nonetheless, these attorneys are now on notice that they must accurately represent their class action experience in future actions to avoid sanctions.

---

[36]     *Id.* at *3-4.

[37]     *Id.* at *3.

[38]     *See* Def. Mem. at 21-22.

[39]     *See Lopez v. Wolpoff & Abramson, LLP*, 2008 U.S. Dist. LEXIS 104321, at *7 (W.D. Tex. Oct. 8, 2008).

14

## V.    CONCLUSION

Although I decline to impose monetary sanctions, plaintiffs' Complaints were troubling, to say the least. *First*, plaintiffs alleged causes of action against ten defendants without any basis and without regard to the individual practices of each of those defendants. *Second*, plaintiffs' attorneys are no stranger to litigation and have brought numerous, meritless claims in the Eastern and Southern Districts of New York. *Third*, although plaintiffs' attorneys have brought many class action claims, they have never been certified as adequate counsel and may not represent themselves as such.  I find that counsels' false claims in the Complaints violated Rule 11 and reprimand them for their conduct. This public reprimand should be sufficient to deter the type of conduct at issue here.  The Clerk of the Court is directed to close defendant's motion [Docket No. 145] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            July 28, 2014

15

## - Appearances -

**For Plaintiffs:**

**For Defendant CACH, LLC:**

Phillip Jaffe, Esq.
370 East 76th Street, Suite C-1002
New York, NY 10021
(212) 734-3535

Jonathan J. Greystone, Esq.
Spector Gadon & Rosen, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 214-8927

George Bassias, Esq.
21-83 Steinway Street
Astoria, NY 11105
(718) 721-4441

Manuel H. Newburger
Barron & Newburger, P.C.
1212 Guadalupe, Suite 104
Austin, TX 78701
(512) 279-0310