UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7·25·16
```

AMAL SHETIWY, *et al.*,

                          Plaintiffs,

-v-

MIDLAND CREDIT MANAGEMENT, *et al.*,

                          Defendants.

No. 12-cv-7068 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

On September 19, 2012, Plaintiffs commenced this action, alleging that Defendants obtained thousands of judgments against debtors through false affidavits, misleading evidence, and other improper litigation tactics in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. Now before the Court is Defendants' motion to dismiss this action for failure to comply with Federal Rule of Civil Procedure 41(b). (Doc. No. 164.) For the reasons set forth below, this action is dismissed with prejudice for failure to prosecute and failure to comply with the Court's orders.

I. BACKGROUND

On April 20, 2016, this case was reassigned to my docket following Judge Scheindlin's retirement. On May 13, 2016, the parties submitted a joint status letter indicating that they had not yet started arbitration despite the fact that Judge Scheindlin had ordered them to do so more than three years ago, on July 12, 2013 (Doc. No. 90). (Doc. No. 161.) The Court subsequently ordered the parties to immediately begin arbitration. (Doc. No. 162.) On June 14, 2016,

Plaintiffs filed a pre-motion letter that appeared to contest the July 12, 2013 Order compelling arbitration, or in the alternative, to ask that Defendants be ordered to bear the costs of arbitration. (Doc. No. 163.) On June 15, 2016, Defendants filed a letter opposing Plaintiffs' letter and asking that the Court dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) in light of Plaintiffs' failure to prosecute this action since Judge Scheindlin's 2013 Order compelling arbitration. (Doc. No. 164.) On June 20, 2016, the Court ordered Plaintiffs to show cause as to why their complaint should not be dismissed with prejudice pursuant to Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure due to Plaintiffs' failure to comply with the July 12, 2013 Order compelling arbitration and to prosecute their case through arbitration. (Doc. No. 165.) Plaintiffs filed a written submission in response to the order to show cause (Doc. No. 167), and on July 8, 2016, the Court held a hearing at which Plaintiffs' counsel made clear that Plaintiffs do not intend to comply with Judge Scheindlin's July 12, 2013 Order or the Court's May 13, 2016 Order (Doc. No. 162) directing them to immediately commence arbitration. Having reviewed the written submissions and considered the parties' arguments at the hearing, the Court dismisses this case with prejudice.

II. DISCUSSION

A. Rule 41(b)

Dismissal with prejudice for lack of prosecution is "a harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilman v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). Nevertheless, Rule 41(b) of the Federal Rules of Civil Procedure gives district courts the authority to dismiss cases, on motion or *sua sponte*, if a plaintiff fails to comply with court orders and/or fails to prosecute an action pending in a district court. *See LeSane*, 239 F.3d at 209; *see also Culton v. N.Y. State*

*Dep't of Corr. Servs.*, 299 F. App'x 96, 97 (2d Cir. 2008) (affirming dismissal of action for failure to prosecute under Rule 41(b) after the plaintiff's failure to comply with court orders resulted in defendant wasting time by attending a status conference and a settlement conference); *Sterling Promotional Corp. v. Gen. Acc. Ins. Co. of N.Y.*, 86 F. App'x 441, 446 (2d Cir. 2004) (affirming dismissal of action for failure to prosecute after the corporate plaintiff's president failed to appear at court-ordered depositions).

Specifically, Rule 41(b) states that a court may dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). The rule further states that "[u]nless the dismissal order states otherwise, a dismissal under [Rule 41(b)] . . . operates as an adjudication upon the merits." *Id.* In analyzing whether to dismiss a plaintiff's case pursuant to Rule 41(b), a district court must consider five factors, including: "(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions." *LeSane*, 239 F.3d at 209 (alterations in original); *see also Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014). "Generally, no one factor is dispositive." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001).

Here, not only have Plaintiffs failed to pursue arbitration in the more than three years that have passed since Judge Scheindlin's order compelling arbitration (Doc. No. 90), but they have confirmed on the record at the July 8, 2016 hearing that they have no intention of ever pursuing arbitration (Transcript of Proceedings, dated July 8, 2016 ("July 8 Tr."), at 7:15-17 (The Court:

"My question to you is, do you intend to arbitrate or not?" Mr. Jaffee: "No, your Honor.")). Indeed, at the hearing, the Court indicated that it would dismiss this case pursuant to Rules 16(f) or 41(b) if Plaintiffs did not intend to arbitrate the remaining claims and warned Plaintiffs that such dismissal might affect their arguments on appeal. (*Id.* at 7:24-8:11 (The Court: "But if you don't intend to arbitrate, then I think what remains in this case that wasn't dismissed by Judge Scheindlin is going to be then dismissed for failure to prosecute, [in] violation of Rule 41(b), and probably failure to follow Court orders, [in violation of] Rule 16. . . . [And] the fact that you have elected not to arbitrate might be something that will weigh on arguments that are before the Court of Appeals.").) Plaintiffs' counsel responded, "I understand that," without contesting the dismissal except in so far as Plaintiffs appear to dispute the merits of the original 2013 order compelling arbitration. (*Id.* at 8:12.)

Applying the factors from *LeSane*, the Court has little difficulty concluding that dismissal is warranted. First, Plaintiffs have had more than three years to pursue arbitration and have not done so. Indeed, they have explicitly stated that they have no intention of ever arbitrating this case. This factor thus favors dismissal. *Cf. United Van Lines, LLC. v. Solino*, 153 F. App'x 46, 48 (2d Cir. 2005) (affirming dismissal with prejudice where the plaintiff "refused to participate further in the litigation").

Second, Plaintiffs clearly had notice that a refusal to arbitrate might result in dismissal, as the Court expressly said as much on the record at the July 8, 2016 hearing. (July 8 Tr. at 7:24-8:11.) The Court also gave Plaintiffs an opportunity, both in writing and at the hearing, to respond to the order to show cause on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b).

4

Third, the Second Circuit has held that "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999). And while Plaintiffs attribute part of the delay in pursuing arbitration to counsel's medical problems after 2014 (*see* Doc. No. 167), counsel's statement at the hearing makes clear that, health issues aside, Plaintiffs do not intend to pursue arbitration under any circumstances. Thus, Defendants are also prejudiced by the fact that the litigation remains pending against them without any likelihood of resolution in light of Plaintiffs' refusal to pursue arbitration.

Fourth, as previously stated, the Court has given Plaintiffs an opportunity to be heard in writing and in person, and finds that Plaintiffs' due process rights have been adequately balanced against the need to alleviate court congestion. *Pichardo v. New York Univ.*, No. 07-cv-6034 (BSJ) (MHD), 2008 WL 4778351, at *5 (S.D.N.Y. Oct. 31, 2008) ("[W]hen a plaintiff displays a complete lack of interest in the prosecution of her own case, a court may conclude that the plaintiff has forfeited the right to argue a denial of due process."). Moreover, until this case was reassigned to my docket in April 2016, almost two years had passed without any activity on the case's ECF docket. Such delays – which will continue indefinitely if this case is not dismissed – cause unnecessary congestion in the Court's docket and justify dismissal. *See Williams v. Partrich*, No. 06-cv-13686 (DC), 2008 WL 1847883, at *4 (S.D.N.Y. Apr. 24, 2008) ("While a single case does not overly burden the Court's calendar, protracted delays in a case will burden the Court.").

Fifth, and finally, the Court finds that lesser sanctions, including monetary sanctions, would not be adequate to compel arbitration, particularly in light of Plaintiffs' intransigence. Indeed, at the hearing, when asked whether monetary sanctions might motivate Plaintiffs to pursue arbitration, Plaintiffs' counsel flatly stated that they would not. (July 8 Tr. at 10:21-11:6.)

The Court thus correctly concluded at the hearing that "[t]here is no interim or intermediate sanction that will get this done." (July 8 Tr. at 10:21-10:22.)

Having applied the five factors from *LeSane*, the Court finds that dismissal pursuant to Rule 41(b) for failure to prosecute is clearly warranted.

B. Rule 16(f)

Federal Rule of Civil Procedure 16(f) also allows a district court to issue an order imposing sanctions on a party or his attorney for "fail[ing] to appear at a scheduling or other pretrial conference" or "fail[ing] to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Such sanctions may include dismissal of the underlying action. *See Carter v. Jablonsky*, 121 F. App'x 888, 889 (2d Cir. 2005) ("[W]e have recognized the propriety of a dismissal sanction [under Rule 16(f)] where a party fails to comply with court orders 'willfully, in bad faith, or through fault.'"); *Smith v. N.Y. Presbyterian Hosp.*, No. 05-cv-7729 (RJS), Doc. No. 288 (S.D.N.Y. Jan. 26, 2015), *aff'd*, No. 15-604 (2d. Cir. Sept. 30, 2015) (affirming dismissal of action pursuant to Rule 16(f) for failure to comply with court orders). In deciding whether to dismiss a case pursuant to Rule 16(f), a district court may consider whether "(1) the party has demonstrated willfulness, bad faith or fault, (2) less drastic sanctions will not work, and (3) the party has been warned of the risk of dismissal for failure to comply with court orders." *Middleton v. United States*, No. 10-cv-6057 (JFB) (ETB), 2011 WL 7164452, at *7 (E.D.N.Y. June 28, 2011) (citing *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)), *adopted by*, No. 10-v-6057 (JFB) (ETB), 2012 WL 394559 (E.D.N.Y. Feb. 7, 2012).

Applying these factors to the case at hand, the Court finds that dismissal is also warranted pursuant to Rule 16(f). Indeed, by explicitly stating that they have no intention of pursuing arbitration, Plaintiffs have demonstrated their willfulness in not complying with Judge

6

Scheindlin's July 12, 2013 Order compelling arbitration and the Court's May 13, 2016 Order directing the parties to immediately commence arbitration. In addition, as stated above, Plaintiffs have acknowledged that less drastic sanctions, such as monetary sanctions, would not lead to a different result and that they would still not pursue arbitration. Finally, Plaintiffs have been warned that the case might be dismissed if they did not pursue arbitration, and yet they clearly have accepted that outcome.

Accordingly, the Court concludes that dismissal is also warranted pursuant to Rule 16(f) for Plaintiffs' failure to comply with Judge Scheindlin's July 12, 2013 Order compelling arbitration and the Court's May 13, 2016 Order.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT this case is dismissed with prejudice but without costs pursuant to Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated: July 25, 2016
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE